IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BISMARK KAWKU TORKORNOO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. PJM-15-839 |
| | * | |
| JACQUELINE E. NGOLE, Esq., et al. | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

On March 23, 2015, Bismark Kawku Torkornoo ("Torkornoo") a resident of Germantown, Maryland, who is self-represented, filed this thirty-two page supplemented Complaint with exhibits against Jacqueline E. Ngole, Esq., Nina Helwig, Esq, John C. Monahan, Esq., and Mary Torkornoo, for abuse of process, conspiracy, negligence, and fraud on the court, arising from child custody disputes and the foreclosure on his former marital home. (ECF 1, 2). Defendant Mary Torkornoo is Plaintiff's former wife. Defendant Ngole is an attorney who represented Mary Torkornoo in her divorce proceedings against Plaintiff. Defendant Nina Helwig was appointed by the Circuit Court for Montgomery County as a Best Interest Attorney ("BIA")[1] for the couple's minor children. (ECF 2-2). Defendant Monahan is an attorney in private practice who was appointed by the circuit court as trustee over the sale of the Torkornoo's former marital home in Maryland. All parties in this action are Maryland residents.

---

[1] Under Md.Code (2012 Repl.Vol.), § 1–202(a)(11)(ii) of the Family Law Article ("F.L."), a court may appoint a lawyer to serve as a "best interest attorney" to represent the minor child in a contested case as to custody, visitation, or support. *See McAllister v. McAllister*, 218 Md.App. 386, 402–04, 97 A.3d 227, 236–37 (2014). The BIA provides an independent assessment of what is in the child's best interest. *See Taylor v. Mandel*, 402 Md. 109, 132, 935 A.2d 671, 684 (2007). This is in contrast to a "child advocate attorney" under F.L. § 1–202(a)(1)(i). The child advocate attorney conveys and advocates the wishes of the child to the court, without regard to what might be in the child's best interest. *McAllister*, 218 Md.App. at 403 n.7, 97 A.3d at 237 n.7. A BIA attorney appointed under F.L. § 1–202 does not act as an arm of the court and thus has no immunity from legal malpractice suits. *Fox v. Willis*, 390 Md. 620, 634, 890 A.2d 726, 734 (2006).

Torkornoo brings this action under the Court's federal question jurisdiction., 28 U.S.C. § 1331, and pursuant to 42 U.S.C. § 1983. (ECF 2, p. 2). In the Complaint, he disputes a March 25, 2009, ruling by the Circuit Court for Montgomery County awarding Mary Torkornoo full custody of their three minor children. He also disputes subsequent state court rulings issued between 2010 and 2013 concerning temporary protective orders, allegations of domestic abuse, and child visitation involving his children and former wife  Additionally, Torkornoo claims that in 2013, Monahan misrepresented the balance of the mortgage on the marital home and, as a result, Torkornoo lost his fair share of the equity in the property.

As redress, Torkornoo is seeking: (1) $6,000 in compensatory damages and $80,000 in punitive damages from Mary Torkornoo; (2) $6,000 in compensatory damages and $500,000 in punitive damages from Jacqueline Ngole, Esq.; (3) $4,000 in compensatory damages and $400,000 in punitive damages from Nina Helwig, Esq.; and (4) $20,000 in compensatory damages and $150,000 in punitive damages from John Monahan, Esq.

## DISCUSSION

Federal district courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattach Servs.*, Inc., 545 U.S. 546, 552 (2005); *United States ex rel. Voyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *Jadhav*, 555 F.3d at 347 (citing *Bowles v. Russell*, 551 U.S. 205 (2007)).

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir.2006). "[J]urisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Moreover, a district court has "an

Case 8:15-cv-00839-PJM   Document 3   Filed 03/31/15   Page 3 of 5

independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U .S. 77, 94 (2010). Of import here, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010). Pursuant to Fed.R.Civ.P. 12(h)(3), "the court must dismiss the action" if and when it determines that the court lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006).

> Section 1983 of 42 U.S.C. provides, in part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Section 1983 " ' is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In analyzing a § 1983 claim, a court must first identify "the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271. In this case, Torkornoo does not identify any federal law or constitutional provision allegedly infringed as a result of Defendants' actions, and none is apparent to the Court.

A § 1983 claim requires "that the alleged deprivation was committed by a person acting under color of state law," *West v. Atkins*, 487 U.S. 42, 48 (1988), that is, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). State action and action under color of law mean the same. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 932 (1982). One can act under color of law without being an officer of the State. *Id*. at 941. But, such a

person must be "a willful participant in joint activity with the State or its agents...." *Id*. (citation and quotation marks omitted).

Torkornoo presents no allegation that Defendants are state actors under 42 U.S.C. § 1983. None of the allegations suggests a plausible federal claim against private actors Mary Torkornoo, Plaintiff's ex-wife, her divorce attorney Jacqueline Ngole, or Nina Helwig, the children's BIA. The Maryland Court of Appeals has made clear that, despite the appointment of a BIA pursuant to a State statute, *see* n.1, *supra*, such an attorney does not act as an arm of the court and thus has no immunity from a legal malpractice suit. *Fox v. Willis*, 390 Md. 620, 634, 890 A.2d 726, 734 (2006). Similarly, Defendant Monahan is a private attorney (ECF 1-7), whose participation in the sale of the marital home did not render him a state actor to subject him to liability under § 1983.[2]

After reviewing the Complaint and exhibits, the Court is of the view that this action, although captioned as a proceeding under 42 U.S.C. § 1983, is essentially an attempt to appeal in this federal court various state court rulings in divorce and custody proceedings in the Circuit Court for Montgomery County. Domestic relations cases, including child custody matters, are generally not heard in federal court, precisely because "State courts ... have the experience to deal with this specific area of the law." [ ] *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir.2006) (noting that "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters") (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir.1980)).

Further, the *Rooker–Feldman* doctrine warrants abstention in this case. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The *Rooker–Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers

---

[2] It bears noting that based upon a review of the Trustee's Report of Sale, and other documents, the Circuit Court for Montgomery County determined the sale was fairly and properly made. (ECF 1-9).

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the doctrine forbids claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks " 'the federal district court to conduct an appellate review of the state-court decision.' " *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.* 434 F.3d 712, 719 (4th Cir. 2006)), cert. denied, 551 U.S. 1130 (2007).

In summary, this case will be dismissed for lack of subject matter jurisdiction as no state actor has been identified to have violated federal law or a constitutional provision.[3] The claims plainly involve issues of family law litigated in state court which traditionally have been reserved to the state court systems so they can apply their expertise and professional support staff. Further, the *Rook-Feldman* doctrine precludes this Court from hearing Torkornoo's appeal of state family court determinations.

## CONCLUSION

For these reasons, the Court will DISMISS this case without prejudice.[4] A separate Order will be entered reflecting the ruling set forth in this Memorandum Opinion.

/s/
PETER J. MESSITTE
March 31, 2015                                         UNITED STATES DISTRICT JUDGE

---

[3] As noted, all the parties reside in the State of Maryland. Thus, there is no basis for the Court to exercise jurisdiction based on diversity of the parties' citizenship under 28 U.S.C. § 1332.

[4] Insofar as Torkornoo may have remedies available in the appropriate state venue, this case will dismissed without prejudice. The Court expresses no opinion regarding the merits of this case.